# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-131-RJC-DCK

| | |
|---|---|
| PRASSAS CAPITAL, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| BLUE SPHERE CORPORATION, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant "Blue Sphere's Motion To Stay Discovery Pending Resolutions Of The Motion For Judgment On The Pleadings And Motion To Dismiss Counterclaims" (Document No. 37) filed October 17, 2017. The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and the parties' briefs, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

By the instant motion, Defendant Blue Sphere Corporation ("Defendant" or "BSC") seeks to stay all discovery pending the Court's resolution of Plaintiff Prassas Capital, LLC's "Motion To Dismiss Counterclaims" (Document No. 13) filed May 10, 2017, and "Blue Sphere's Motion For Judgment On The Pleadings" (Document No. 18) filed June 2, 2017. Defendant contends that discovery should be stayed so that the Court can "rule on the legal issue central to the pending motions, whether Prassas was required to register as a broker under Rule 29(b) Securities and Exchange Act of 1934." (Document No. 37, p.1). Defendant also requests that the Court hold a status conference so that one or both parties can "inquire about the Court's docket management." (Document No. 37, p.2).

Notably, the parties' "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 29) was filed *after* the pending dispositive motions, but did not seek any delay of discovery based on those motions or request a conference with the Court.  See (Document No. 29, pp.1-2).  The Court then entered a "Pretrial Order And Case Management Plan" (Document No. 32) on August 8, 2017, that included the following deadlines:  discovery completion – February 28, 2018;  mediation – March 15, 2018;  dispositive motions – March 30, 2018;  and trial September 4, 2018.

On September 13, 2017, "Defendant's Motion For Extension Of Time To Respond To Plaintiff's First Set Of Discovery Requests" (Document No. 35) was filed with the Court seeking an extension to October 18, 2017, with Plaintiff's consent, to respond to discovery requests. Defendant's request made no reference to the pending dispositive motions.  (Document No. 35). The Court promptly granted the consented-to request for an extension of time.  (Document No. 36).

Defendant then filed the instant motion to stay *all* discovery on October 17, 2017, the day before its responses were due, and filed its memorandum in support on October 18, 2017, the day responses were due.  (Document Nos. 37 and 38).[1]  Defendant now states that "it contemplated receiving the Court's ruling on the pending dispositive motions prior to October 18, 2017," but offers no basis for that expectation.  (Document No. 38, p.2).  Neither the instant motion, nor Defendant's consent motion for an extension of time suggest that Plaintiff's pending discovery requests seek privileged, or otherwise objectionable discovery, or that Defendant is unable to respond for any reason.  (Document Nos. 35 and 37).  Rather, Defendant now asserts that providing

---

[1]  Local Rule 7.1 (C) requires that briefs "be filed contemporaneously with the motion…."

its discovery responses "is not necessary to resolve the legal issues currently before the Court on the pending dispositive motions." (Document No. 38, p.4).

Plaintiff Prassas Capital, LLC ("Plaintiff" or "PC") opposes the motion to stay discovery. (Document No. 39). Plaintiff contends that Defendant seeks to cause delay and frustrate its "attempt to expeditiously prosecute this matter." (Document No. 39, p.2). Plaintiff notes that Defendant had over four months to request such a stay following the filing of the dispositive motions, but waited until the last possible minute, and should not be rewarded for its delay. (Document No. 39, p.3). Moreover, Plaintiff argues that its discovery requests are primarily related to Defendant's counterclaims "which involve numerous factual issues upon which Plaintiff is entitled to obtain discovery." Id.

The parties agree that the Court has broad discretion to stay discovery. See (Document No. 38, p.2; Document No. 39, p.2).

In short, the undersigned finds that Defendant's requested stay is untimely. Defendant's position would have been more persuasive in the "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 29), or *in lieu* of making a motion for a consented-to extension of time to October 18, 2017, which was immediately allowed by the Court exactly as proposed by Defendant. (Document No. 35).

As noted above, Defendant has not cited any specific difficulty with producing full responses to Plaintiff's pending discovery requests, and the undersigned assumes those responses were ready to be provided on the extended deadline; therefore, Defendant should suffer little, if any, prejudice if required to provide its responses now.

Based on the foregoing, the Court in its discretion will deny the motion to stay *all* discovery; responses due on or before October 18, 2017, shall be provided by **November 17,**

**2017**.  However, the Court will grant the motion to stay as to any discovery due *after* October 18, 2017.  At this time, the Court will respectfully decline the invitation to hold a status conference regarding the Court's docket management.

**IT IS, THEREFORE, ORDERED** that Defendant "Blue Sphere's Motion To Stay Discovery Pending Resolutions Of The Motion For Judgment On The Pleadings And Motion To Dismiss Counterclaims" (Document No. 37) is **GRANTED in part** and **DENIED in part**, as directed herein.  Unless this case is fully resolved, the parties shall submit proposed amended case deadlines, jointly if possible, within **five (5) days** of the Court's ruling on the pending dispositive motions (Document Nos. 13 and 18).

**SO ORDERED**.

Signed: November 7, 2017

David C. Keesler
United States Magistrate Judge