UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-131-RJC-DCK

| PRASSAS CAPITAL, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| BLUE SPHERE CORPORATION, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on four pending motions: (1) Plaintiff Prassas Capital, LLC's ("PC") Motion for Summary Judgment, (Doc. No. 55); (2) Defendant Blue Sphere Corporation's ("BSC") Motion for Summary Judgment, (Doc. No. 69); PC's Motion for Partial Summary Judgment, (Doc. No. 85); PC's Motion for Sanctions, (Doc. No. 89); and the parties' associated briefs and exhibits. These matters have been fully briefed, and on May 13, 2019, the Court conducted a hearing where it heard oral arguments from the parties. The Court has reviewed the pleadings, exhibits thereto, and applicable law and has considered the parties' oral arguments. For the reasons stated herein, PC's Motion for Summary Judgment, (Doc. No. 55), is **DENIED**; BSC's Motion for Summary Judgment, (Doc. No. 69), is **DENIED in part** and **GRANTED in part**; PC's Motion for Partial Summary Judgment, (Doc. No. 85), is **DENIED in part** and **GRANTED in part**; and PC's Motion for Sanctions, (Doc. No. 89), is **DENIED**.

1

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether a genuine issue has been raised, the Court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### A. PC's Motion for Summary Judgment

PC requests that the Court grant summary judgment on its breach of contract claim and its counterclaim for indemnification.  Regarding PC's breach of contract claim, disputes of material fact exist as to the issues of breach, substantial performance, and damages.  Therefore, granting summary judgment on PC's breach of contract claim would be inappropriate.  Furthermore, to narrow the issues for trial, the Court notes that Section 29(b) of the Securities Exchange Act ("SEA") does not bar PC from recovering on its breach of contract claim.  The Court has previously ruled that "even if Plaintiff violated the SEA, contracts are rendered invalid at the option of the innocent party." (Doc. No. 43 at 9 (citing Mills v. Electric Auto-Lite Co., 396 U.S. 375, 386–87 (1970)).  Because the Court has already found that BSC "at no point rescinded the contract," (Doc. No. 42 at 9), this affirmative defense is of no avail to BSC and should be stricken.  Moreover, this affirmative defense is also time-barred because BSC alleged it more than one year after it

2

"could have, through the exercise of reasonable diligence, discovered the fraud at issue." Alpha Capital Anstalt v. Oxysure Sys., Inc., 216 F. Supp. 3d 403, 408 (S.D.N.Y. 2016) (quoting Dodds v. Cigna Sec., Inc., 841 F. Supp. 89, 92 (W.D.N.Y. 1992)). Here, BSC had knowledge of the underlying facts alleged to give rise to BSC's right of rescission no later than April 8, 2015—when the later of the two transactions at issue occurred and BSC (1) remained on notice that PC was not a registered broker-dealer as expressly disclosed in the Engagement Letter ("the Agreement") between the two parties and (2) was fully aware of the nature and structure of the transactions for both Projects. Therefore, BSC's alleged right to seek rescission expired at the latest on April 8, 2016—11 months before this action was filed. As such, the Court rules that BSC cannot plead this defense at trial. See Anstalt, 216 F. Supp. 3d at 408 (precluding the defendants from raising defense based on Sections 15 and 29(b) for failure to meet one-year statute of limitations).

PC has also asked that summary judgment be entered in its favor on its counterclaim for indemnification. In doing so, it relies on the Engagement Letter's, (Doc. No. 1-1, hereinafter cited as Agmt.) indemnification provision, which provides the following:

> If Prassas . . . becomes involved in any way in any legal or administrative proceeding related to the services performed hereunder, Client will indemnify, defend and hold Prassas . . . harmless from all damages and expenses (including reasonable attorney's fees and expenses and court costs) incurred in connection therewith, except to the extent that a court having jurisdiction shall have determined in a final judgment that such loss, claim, damage or liability resulted from the negligence, bad faith, illegal acts, willful misfeasance, or reckless disregard of the obligations or duties of Prassas hereunder.

(Agmt., p. 4 § E). "The extent of a contractual duty to indemnify must be determined from the contract itself." Superior Companies v. Kaiser Cement Corp., 733 P.2d 1158, 1160 (Ariz. Ct. App. 1986) (citations omitted).[1] It is nonsensical that, under PC's interpretation of the provision, BSC would have to defend against itself. Therefore, the Court finds that this provision does not apply to BSC when the litigation is between the two contracting parties. Accordingly, the Court **DENIES** PC's Motion for Summary Judgment, (Doc. No. 55).

B. **BSC's Motion for Summary Judgment**

BSC has also moved for summary judgment, (Doc. No. 69), asking the Court to dismiss with prejudice all claims against BSC. As noted, summary judgment is inappropriate as to PC's breach of contract claim because disputed issues of material fact exist. But, for the reasons established above, entering summary judgment in BSC's favor as to PC's counterclaim for indemnification is appropriate, and therefore the Court **DISMISSES** PC's counterclaim for indemnification **with prejudice**. Accordingly, the Court **GRANTS in part** and **DENIES in part** BSC's Motion for Summary Judgment, (Doc. No. 69). Specifically, the Court **DENIES** summary judgment as to PC's breach of contract claim, but **GRANTS** summary

---

[1] Because the Agreement contains a choice-of-law provision, Arizona law governs the contract and indemnification claims. "[W]here the contracting parties have agreed 'that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect.'" Synovus Bank v. Coleman, 887 F. Supp. 2d 659, 668 (W.D.N.C. 2012) (quoting Tanglewood Land Co. v. Byrd, 261 S.E.2d 655, 656 (N.C. 1980)).

4

judgment in BSC's favor as to PC's counterclaim for indemnification and **DISMISSES** that counterclaim **with prejudice**.

### C. PC's Motion for Partial Summary Judgment

PC moves the Court for partial summary judgment in its favor as to BSC's amended counterclaims for fraud in the inducement and breach of contract as well as PC's counterclaim for indemnification. (Doc. No. 85). For the same reasons the Court found summary judgment inappropriate as to PC's claim for breach of contract, the Court likewise finds summary judgment inappropriate as to BSC's counterclaim for breach of contract. Material issues of fact exist as to (1) which party breached the contract first, (2) whether PC substantially performed its obligations under the contract, and (3) what amount of damages, if any, are appropriate. Additionally, for the reasons previously stated, PC is not entitled to indemnification from BSC under the Agreement's indemnification provision. Therefore, summary judgment in PC's favor as to these two counterclaims is **DENIED**.

Regarding BSC's counterclaim for fraud in the inducement, the Court finds that PC is entitled to summary judgment in its favor on this counterclaim because BSC has failed to put forth any evidence that PC made a false representation or concealed a material fact. The record is clear that PC had experience in the renewable energy field and waste-to-energy sector of that field, and PC did not have an affirmative duty to disclose that it did not have experience in the narrow subset of waste-to-energy involving food waste. Moreover, BSC could have discovered this

5

alleged lack of experience on its own. Because BSC cannot establish the first element of its fraud in the inducement claim,[2] awarding summary judgment in PC's favor as to this counterclaim is appropriate. Therefore, the Court **DENIES in part** and **GRANTS in part** PC's Motion for Partial Summary Judgment, (Doc. No. 85). That is, the Court **DENIES** summary judgment as to BSC's counterclaim for breach of contract and PC's counterclaim for indemnification, but **GRANTS** summary judgment as to BSC's counterclaim for fraud in the inducement and **DISMISSES** that counterclaim **with prejudice**.

D.   PC's Motion for Sanctions

PC moves for the imposition of sanctions on BSC based on (1) Palas's contradictory deposition testimony and (2) BSC's alleged concealment of information and withholding of documents in an apparent effort to prevent PC from discovering facts related to BSC's own conduct and to its engagement of other firms to assist BSC in seeking financing for the projects at issue. (Doc. No. 89). As recourse for this alleged improper conduct, PC asks the Court to (1) sanction BSC for its improper conduct and abuse of judicial process; (2) dismiss BSC's amended counterclaims with prejudice; (3) strike BSC's answer and affirmative defenses; (4) grant PC judgment on its breach of contract claim; (5) award PC its costs and

---

[2] The elements of fraud in the inducement are "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." TradeWinds Airlines, Inc. v. C-S Aviation Servs., 733 S.E.2d 162, 168 (N.C. Ct. App. 2012) (quoting Media Network, Inc. v. Long Haymes Carr, Inc., 678 S.E.2d 671, 684 (N.C. Ct. App. 2009)).

expenses, including reasonable attorneys' fees; and (6) grant PC such other and further relief or impose such other sanctions against BSC as the Court deems just and proper.

The Court has inherent power to sanction parties to impose "order, respect, decorum, silence, and compliance with lawful mandates." Projects Mgmt. v. Dyncorp Int'l LLC, 734 F.3d 366, 373 (4th Cir. 2013) (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 461 (4th Cir. 1993)). Here, however, the Court declines to impose sanctions on BSC. The Court finds that, while it appears that Shlomo Palas—BSC's CEO and corporate designee—has offered seemingly conflicting testimony in his two depositions, this is a matter best left to cross-examination at trial. Regarding PC's other asserted grounds for sanctions— BSC's alleged concealment and withholding of documents—the Court finds nothing sinister in BSC's failure to produce these documents, determines that PC was not prejudiced in this action due to this alleged withholding, and finds that sanctions are not warranted on this ground. Accordingly, the Court **DENIES** PC's Motion for Sanctions, (Doc. No. 89).

**IT IS THEREFORE ORDERED THAT:**

1. PC's Motion for Summary Judgment, (Doc. No. 55), is **DENIED**;
2. BSC's Motion for Summary Judgment, (Doc. No. 69), is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** summary judgment in BSC's favor as to PC's counterclaim for indemnification

and hereby **DISMISSES** that counterclaim **with prejudice**. The Court **DENIES** summary judgment as to PC's breach of contract claim;

3. PC's Motion for Partial Summary Judgment, (Doc. No. 85), is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** summary judgment in PC's favor as to BSC's counterclaim for fraud in the inducement and therefore **DISMISSES** that counterclaim **with prejudice**. The Court **DENIES** summary judgment as to BSC's counterclaim for breach of contract and PC's counterclaim for indemnification;

4. PC's Motion for Sanctions, (Doc. No. 89), is **DENIED.**

5. This trial will take place during the Court's July Civil term; a status conference to discuss same will be scheduled promptly.

Signed: May 14, 2019

Robert J. Conrad, Jr.
United States District Judge