**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

**Charlotte Division**

**Case No. 3:17-cv-00131-RJC-DCK**

| | | |
|---|---|---|
| PRASSAS CAPITAL, LLC, an Arizona limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | **PLAINTIFF PRASSAS CAPITAL, LLC'S SUBMISSION OF PROPOSED JURY INSTRUCTIONS** |
| v. | ) ) | |
| BLUE SPHERE CORPORATION, a Nevada corporation, | ) ) ) | |
| Defendant. | ) | |

Plaintiff Prassas Capital, LLC, by and through counsel, hereby respectfully requests the

Court to give the following instructions to the jury in the trial of this action.

## I. **ROLE OF JURY**[1]

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:    _____

REFUSED:    _____

MODIFIED:    _____

---

[1] Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 1.1 (2018).

## II. <u>OPENING INSTRUCTIONS AND TERMINOLOGY</u>[2]

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Prassas Capital, LLC, who I will refer to as Prassas Capital. The party being sued is called the defendant. In this action, the defendant is Blue Sphere Corporation, who I will refer to as Blue Sphere.

Defendant Blue Sphere has filed what is known as a counterclaim in which Blue Sphere seeks to recover damages from the plaintiff Prassas Capital for injuries that Blue Sphere claims to have experienced as a result of Prassas Capital's conduct.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of facts. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will

instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments or comments on the Internet about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude

---

[2] 3 O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u>, (6th ed. 2011), § 101:01.

or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

### III. <u>ORDER OF TRIAL</u>[3]

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff Prassas Capital will present evidence in support of plaintiff's claims and then defendant's lawyers may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant Blue Sphere may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, the plaintiff may then present rebuttal evidence.

Defendant Blue Sphere will also present evidence in support of its counterclaim against plaintiff Prassas Capital and its defenses to the claims of plaintiff Prassas Capital.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

---

[3] 3 O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u>, (6th ed. 2011), § 101:02.

_____

Honorable Robert J. Conrad
United States District Judge


GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

## IV. **EVORMANCE**[4]

The evidence in the case will consist of the following:

1.  The sworn testimony of the witnesses, no matter who called a witness.

2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

3.  All facts that may have been stipulated to or judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  In some cases, a deposition may be played for you on videotape.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events.  When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

---

[4] 3 O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u>, (6th ed. 2011),  § 101:40.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## V. **CREDIBILITY OF WITNESSES**[5]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

---

[5] Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 1.7 (2018).

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

## VI. <u>PREPONDERANCE OF THE EVIDENCE</u>[6]

This is a civil case. Plaintiff Prassas Capital is the party that brought this lawsuit. Defendant Blue Sphere is the party against which the lawsuit was filed. Plaintiff has the burden of proving its case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on its side. If Plaintiff fails to meet this burden, the verdict must be for Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendant has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendant has succeeded in proving that the required facts are more likely so than not so.

In addition, Defendant Blue Sphere has also brought a claim for relief against Plaintiff Prassas Capital called a counterclaim. On this counterclaim, defendant Blue Sphere has the same burden of proof as has Plaintiff on its claims. [That is, on Blue Sphere's counterclaim, Blue

---

[6] Model Civil Jury Instructions for the District Courts of the Third Circuit, Instruction No. 1.10 (2018).

Sphere would have to make the scales tip somewhat in its side. If Blue Sphere fails to meet this burden, the verdict must be for Prassas Capital.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

# VII.    GENERAL INTRODUCTION TO INSTRUCTION ON PARTICULAR LAW[7]

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.


_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:            _____

REFUSED:        _____

MODIFIED:      _____

_____

[7] 3 O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u>, (6th ed. 2011),  § 103:01.

## VIII.  ISSUES PRESENTED

As I have already indicated, your verdict will take the form of answers to certain questions or issues.  These issues are as follows:

Prassas Capital, LLC's Claims – Issue Number:

(1) Prassas Capital's claim for Breach of Contract against Blue Sphere:

    a.  Did Plaintiff Prassas Capital substantially perform its obligations under the Engagement Agreement with Defendant Blue Sphere?

    b.  Was the Engagement Agreement modified by subsequent agreement as it relates to the Financing Fee for the NC Project transaction? [8]

    c.  What additional amount, if any, is due to Plaintiff Prassas Capital under the Engagement Agreement with respect to the NC Project transaction?

    d.  What additional amount, if any, is due to Plaintiff Prassas Capital under the Engagement Agreement with respect to the RI Project transaction?

Defendant Blue Sphere Corporation's Counterclaim against Plaintiff Prassas Capital, LLC – Issue Number:

(2) Blue Sphere's claim for Breach of Contract against Prassas Capital:

    a.  Did Plaintiff Prassas Capital commit a material breach of the Engagement Agreement?

    b.  Did Defendant Blue Sphere waive any nonperformance of the contract by Plaintiff Prassas Capital?

---

[8] By including this issue and instruction in these proposed jury instructions, Plaintiff Prassas Capital does not waive its argument that Blue Sphere cannot present this defense or issue to the jury as a matter of law.  There is no factual or legal basis from which a jury could find that any modification or alleged agreement regarding the financing fee for the North Carolina project was supported by adequate consideration or that any such modification agreement satisfied the Arizona statute of frauds.  Prassas Capital expressly reserves its right to seek judgment as a matter of law on this issue at the appropriate time during trial.

c.  Is Defendant Blue Sphere estopped from claiming a breach of contract by Plaintiff Prassas Capital?

d.  What amount of damages, if any, may Defendant Blue Sphere recover under the Engagement Agreement?

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

## IX. PLAINTIFF PRASSAS CAPITAL'S CLAIM:

## PRASSAS CAPITAL'S CLAIM – BREACH OF CONTRACT AGAINST BLUE SPHERE reads:

Issue 1(a):   Did Plaintiff Prassas Capital, LLC substantially perform its obligations under the Engagement Agreement with Defendant Blue Sphere?

Issue 1(b):   Was the Engagement Agreement modified by subsequent agreement?

Issue 1(c):   What additional amount, if any, is due to Plaintiff Prassas Capital under the Engagement Agreement with respect to the NC Project transaction?

Issue 1(d):   What additional amount, if any, is due to Plaintiff Prassas Capital under the Engagement Agreement with respect to the RI Project transaction?

**BREACH OF CONTRACT CLAIM AND ELEMENTS[9]**

I will give you detailed instructions of law later in these instructions. But I will now give you a statement of the Plaintiff's claim in the case, and a statement of what has to be proved on that claim.

Plaintiff Prassas Capital claims that Defendant Blue Sphere breached a contract. On this claim, Plaintiff Prassas Capital must prove there was a contract with Defendant Blue Sphere, that Defendant Blue Sphere breached the contract, and that breach resulted in damage to Plaintiff Prassas Capital. [I have already determined that Plaintiff Prassas Capital and Defendant Blue Sphere formed two valid contracts in writing; you have seen and heard these contracts referred to as the Engagement Agreement and the Letter Agreement. Therefore, you do not need to determine whether a contract exists between the parties.]

[Defendant Blue Sphere claims that Plaintiff Prassas Capital did not perform its obligations under the Engagement Agreement. In turn, Plaintiff Prassas Capital asserts that it substantially performed its obligations under the Engagement Agreement such that Defendant

Blue Sphere is not excused from its obligations. Plaintiff Prassas Capital must prove that it substantially performed.]

Finally, Defendant Blue Sphere asserts that the contract was modified by a subsequent agreement between the parties. Defendant Blue Sphere must prove this modification defense.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

---

[9] RAJI (Civil) CI 2 (5th Ed.) (modified to reflect nature and posture of case, with modifications shown in brackets).

## X. DETERMINING INTENT OF THE PARTIES[10]

In deciding what a contract provision means, you should attempt to determine what the parties intended at the time that the contract was formed. You may consider the surrounding facts and circumstances as you find them to have been at the time that the contract was formed. It is for you to determine what those surrounding facts and circumstances were.

To determine what the parties intended the terms of the contract to mean, you may consider the language of the written agreement, the acts and statements of the parties themselves before any dispute arose, the parties' negotiations, any prior dealings between the parties, any reasonable expectations the parties may have had as the result of the promises or conduct of the other party, and any other evidence that sheds light on the parties' intent.


_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

---

[10] RAJI (Civil) CI 26 (5th Ed.)

# XI. CONSTRUCTION AGAINST THE PARTY CHOOSING THE WORDS[11]

You may find that, even after you have determined and considered the surrounding facts and circumstances, what the parties intended a particular written provision to mean is still not clear to you. If, and only if, you have determined and considered the facts and circumstances surrounding the formation of the contract and still cannot determine which of the possible, reasonable meanings was intended by the parties, you should apply the following rule of law:

In choosing between the possible meanings of language in a written agreement, the meaning that operates against the interests of the party who supplied the words is generally the preferred meaning.

[I instruct you that this is a rule of "last resort." You must not use this rule until you have exhausted all other methods of determining the intent of the parties under the contract and you still find that the language is subject to two possible and reasonable explanations. I further instruct you that in this case, where each party supplied some of the language in the contract, you may only apply this rule if you can determine based on the evidence which party chose the specific language that you find ambiguous.]

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

_____

[11] RAJI (Civil) CI 27 (5th Ed.)

**XII.** Issue 1(a): <u>Did Plaintiff Prassas Capital substantially perform its obligations under the Engagement Agreement with Defendant Blue Sphere Corporation?</u>[12]

[The burden of proof on this issue is on Prassas Capital to satisfy you by the greater weight of the evidence that Prassas Capital substantially performed its obligations under the contract.]

[As I have explained already,] Prassas Capital claims that Blue Sphere has not performed according to their agreement. Blue Sphere claims that it should not have to perform because Prassas Capital did not fully perform. Prassas Capital claims that it did substantially perform, thus making Blue Sphere's performance due.

Substantial performance means that Prassas Capital has performed all that is required by the contract, except for slight defects that can easily be cured.

To determine whether Prassas Capital has substantially performed its obligations under the contract, you should consider the nature of the promised performance, the purpose of the contract, and the extent to which any defects in performance have defeated that purpose.

[If you find by the greater weight of the evidence that Prassas Capital substantially performed its obligations under the contract, then you will answer this issue "Yes" in favor of Prassas Capital.

If, on the other hand, you fail to so find by the greater weight of the evidence, then you would answer this issue "No" in favor of Blue Sphere.][13]

---

[12] RAJI (Civil) CI 10 (5th Ed.) (modified to reflect nature and posture of case, with modifications shown in brackets).

[13] The concluding instructions are adopted from the North Carolina Pattern Jury Instructions, as they are not included in the Arizona Pattern Jury Instructions.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

**XIII.** Issue 1(b): <u>Was the Engagement Agreement modified by subsequent agreement as it relates to the Financing Fee for the NC Project transaction?</u>[14]

[The burden of proof on this issue is on Defendant Blue Sphere to satisfy you by the greater weight of the evidence that the contract between the parties was modified by subsequent agreement.]

[For the sake of clarity, let me say that in this case, I have already determined that the parties agreed to modify the original contract by way of a Letter Agreement dated April 13, 2015 related to fees owed for Blue Sphere's Rhode Island project. I have already determined that the Letter Agreement satisfied all of the requirements I am about to instruct you on. This particular issue does not involve that Letter Agreement and is not asking you to make any decision with respect to that Letter Agreement.]

[Instead,] Blue Sphere claims the parties changed the terms of the Engagement Agreement [in one or more ways related to the fees owed for Blue Sphere's North Carolina project]. After parties enter into a contract, they may agree to change it. Blue Sphere must prove there was an offer to change the contract, acceptance of that offer, and consideration for the change. [In addition, Blue Sphere must prove that the new agreement or modification was in writing and signed by Prassas Capital.]

[I will now instruct you as to those those elements.]

**Definition and Formation of Contract**[15]

[A modification of a contract] is an agreement between [the parties]. For a [contract modification] to exist, there must be an offer, acceptance of the offer, consideration, and terms sufficiently specific so that the obligation[s] created by the contract [modification] can be

---

[14] RAJI (Civil) CI 8 (5th Ed.) (modified to reflect nature and posture of case, with modifications shown in brackets).

[15] RAJI (Civil) CI 3 (5th Ed.) (modified to reflect nature and posture of case, with modifications shown in brackets).

determined.  To find that the parties [modified the contract], you must find that they each intended to be bound by the [modification], and that they made that intention known to the other party.

**Offer**[16]

An offer is a proposal to enter into a contract on the terms contained in the offer.

[There must be sufficient specification of terms so that the obligations involved can be ascertained.[17]  The fact that one or more terms of a proposed bargain are left open or uncertain may show that a manifestation of intention is not intended to be understood as an offer or as an acceptance.[18]  If the terms of the claimed modification are uncertain or left for later resolution, then you may conclude that the parties did not intend to be bound by the modification.][19]

**Acceptance**[20]

An acceptance is an expression of agreement to the terms of the offer by the person to whom the offer was made.

**Consideration**[21]

Consideration is a benefit received, or something given up or exchanged, as agreed upon by the parties. [22]  [Consideration necessary to modify an existing contract is any detriment to promisee, in this instance Blue Sphere, or benefit to promisor, in this instance Prassas Capital,

---

[16] RAJI (Civil) CI 4 (5th Ed.) (modified to reflect nature and posture of case, with modifications shown in brackets).

[17] RAJI (Civil) CI 3, Comment 1 (5th Ed.)

[18] *Schade v. Dietrich*, 158 Ariz. 1, 9, 760 P.2d 1050, 1058 (1988) (quoting Restatement (Second) of Contracts, § 33(3) (1981)).

[19] RAJI (Civil) CI 3, Comment 2 (5th Ed.)

[20] RAJI (Civil) CI 6 (5th Ed.)

[21] RAJI (Civil) CI 7 (5th Ed.)

[22] RAJI (Civil) CI 7 (5th Ed.)

that supports the new promise.][23]

[A person is under no legal obligation to perform a gratuitous promise, and a new agreement modifying an existing contract is an independent contract requiring proper consideration. A party's continued obligation to do something that it is already bound to do does not constitute proper consideration.][24]

**In Writing and Signed**[25]

In addition to the above, I also instruct you that any modification of the contract must satisfy what is known as the statute of frauds. This means that Blue Sphere may not enforce any agreement or modification unless the agreement or modification, or some memorandum thereof, is in writing and signed by Prassas Capital, or by some person lawfully authorized to act on behalf of Prassas Capital.

[If you find by the greater weight of the evidence that Prassas Capital offered to modify the contract on sufficiently specific terms, that Blue Sphere accepted the sufficiently specific terms of that offer, that there was sufficient consideration to support the modification, and that the agreement or modification was in writing and signed by Prassas Capital then you will answer this issue "Yes" in favor of Blue Sphere.

If, on the other hand, you fail to so find by the greater weight of the evidence, then you would answer this issue "No" in favor of Prassas Capital.][26]

---

[23] *Demasse v. ITT Corp.*, 984 P.2d 1138, 1144 (Ariz. 1999).

[24] *Perry v. Farmer*, 47 Ariz. 185, 188, 54 P.2d 999, 1001 (1936).

[25] Ariz. Rev. Stat. § 44-101 (2019).

[26] The concluding instructions are adopted from the North Carolina Pattern Jury Instructions, as they are not included in the Arizona Pattern Jury Instructions.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**XIV.** Issue 1(c): <u>What additional amount, if any, is due to Plaintiff Prassas Capital under the Engagement Agreement with respect to the NC Project transaction?</u>[27]

If you find that Blue Sphere is liable to Prassas Capital for breach of contract, [meaning, you have answered Issue 1(a) "Yes,"] you must then decide the full amount of money that will reasonably and fairly compensate Prassas Capital for the damages proved by the evidence to have resulted naturally and directly from the breach of contract.

[On this issue the burden of proof is on Prassas Capital. This means that Prassas Capital must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach.][28]

The damages you award for breach of contract must be the amount of money that will place Prassas Capital in the position Prassas Capital would have been in if the contract had been performed. To determine those damages, you should consider [the terms of the contract between the parties, the amount of financing fee Blue Sphere agreed to pay under the contract,] and the profit that Prassas Capital would have received had the contract been performed.

[If you find by the greater weight of the evidence the amount of actual damages caused by Blue Sphere's breach of contract with respect to the NC Project transaction, then it would be your duty to write that number in the blank space provided.]

---

[27] RAJI (Civil) CI 17, (5th Ed.)

[28] N.C.P.I. Civil 503.06

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**XV.** Issue 1(d): <u>What additional amount, if any, is due to Plaintiff Prassas Capital under the Engagement Agreement with respect to the RI Project transaction?</u>[29]

If you find that Blue Sphere is liable to Prassas Capital for breach of contract, [meaning, you have answered Issue 1(a) "Yes,"] you must then decide the full amount of money that will reasonably and fairly compensate Prassas Capital for the damages proved by the evidence to have resulted naturally and directly from the breach of contract.

[On this issue the burden of proof is on Prassas Capital. This means that Prassas Capital must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach.][30]

The damages you award for breach of contract must be the amount of money that will place Prassas Capital in the position Prassas Capital would have been in if the contract had been performed. To determine those damages, you should consider [the terms of the contract between the parties, the amount of financing fee Blue Sphere agreed to pay under the contract,] and the profit that Prassas Capital would have received had the contract been performed.

[If you find by the greater weight of the evidence the amount of actual damages caused by Blue Sphere's breach of contract with respect to the RI Project transaction, then it would be your duty to write that number in the blank space provided.]

---

[29] RAJI (Civil) CI 17, (5th Ed.)

[30] N.C.P.I. Civil 503.06

                _____
Honorable Robert J. Conrad
United States District Judge

GIVEN:       _____

REFUSED:    _____

MODIFIED:   _____

## XVI.   DEFENDANT BLUE SPHERE'S COUNTERCLAIM:

## BLUE SPHERE'S COUNTERCLAIM – BREACH OF CONTRACT AGAINST

## PRASSAS CAPITAL reads:

Issue 2(a):      Did Plaintiff Prassas Capital commit a material breach of the Engagement
                 Agreement with Defendant Blue Sphere?

Issue 2(b):      Did Defendant Blue Sphere waive any nonperformance of the Engagement
                 Agreement by Plaintiff Prassas Capital?

Issue 2(c):      Is Defendant Blue Sphere estopped from claiming a breach of contract by Plaintiff
                 Prassas Capital?

Issue 2(d):      What amount of damages, if any, may Defendant Blue Sphere recover under the
                 Engagement Agreement?

## BREACH OF CONTRACT CLAIM AND ELEMENTS[31]

I will give you detailed instructions of law later in these instructions.  But I will now give

you a statement of the Defendant's counterclaim in the case, and a statement of what has to be

proved on that counterclaim.

Defendant Blue Sphere claims that Plaintiff Prassas Capital materially breached the

Engagement Agreement. On this counterclaim, Blue Sphere must prove there was a contract with

Prassas Capital, that Prassas Capital breached the contract, and that breach resulted in damage to

Blue Sphere. [As explained earlier, I have already determined that Plaintiff Prassas Capital and

Defendant Blue Sphere entered into two valid, written contracts; the Engagement Agreement and

the Letter Agreement.  Therefore, you do not need to determine whether a contract exists

between the parties on this claim.]

Prassas Capital claims that Blue Sphere waived any nonperformance of the Engagement

Agreement by Prassas Capital and/or that Blue Sphere is estopped from claiming any breach of

---

[31] RAJI (Civil) CI 2 (5th Ed.) (modified to reflect nature and posture of case, with modifications shown in brackets).

contract by Prassas Capital.  Prassas Capital must prove these defenses.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:       _____

MODIFIED:     _____

## XVII.  DETERMINING INTENT OF THE PARTIES[32]

In deciding what a contract provision means, you should attempt to determine what the parties intended at the time that the contract was formed.  You may consider the surrounding facts and circumstances as you find them to have been at the time that the contract was formed. It is for you to determine what those surrounding facts and circumstances were.

To determine what the parties intended the terms of the contract to mean, you may consider the language of the written agreement, the acts and statements of the parties themselves before any dispute arose, the parties' negotiations, any prior dealings between the parties, any reasonable expectations the parties may have had as the result of the promises or conduct of the other party, and any other evidence that sheds light on the parties' intent.

 

 

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

---

[32] RAJI (Civil) CI 26 (5th Ed.)

**XVIII.** Issue 2(a): <u>Did Plaintiff Prassas Capital commit a material breach of the Engagement Agreement with Blue Sphere?</u>[33]

The burden of proof on this issue is on defendant Blue Sphere. This means that the defendant must prove, by the greater weight of the evidence, two things:

First, that the time had come for plaintiff Prassas Capital to perform a material term of the contract. This means that, at the time of the alleged breach, there were no conditions precedent to plaintiff's obligation to perform.

Second, that the plaintiff Prassas Capital failed to perform a material term of the contract. A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to perform a term that is not material is not a breach of contract. In determining whether a term is material, you may consider the following factors: the subject matter and purpose of the contract; the intentions of the parties; the scope of performance reasonably expected by each party; and the prior dealings of the parties.

In this case the defendant contends, and the plaintiff denies, that there were no conditions precedent to plaintiff's obligation to perform. The defendant further contends, and the plaintiff denies, that the plaintiff failed to perform a material term of the Engagement Agreement.

Finally, as to this Issue 2(a) on which the defendant has the burden of proof, if you find by the greater weight of the evidence that plaintiff Prassas Capital materially breached the Engagement Agreement by non-performance, then you will answer this issue "Yes" in favor of

---

[33] N.C.P.I. Civil 502. The Arizona Pattern Jury Instructions do not contain a specific instruction for breach of contract by non-performance. As the North Carolina pattern instructions state a universally accepted proposition of law, this instruction appears sufficient and comports with Arizona law.

defendant Blue Sphere.

If, on the other hand, you fail to so find, then you would answer this issue "No" in favor

of plaintiff Prassas Capital.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:        _____

REFUSED:      _____

MODIFIED:     _____

**XIX.** Issue 2(b): <u>Did Defendant Blue Sphere waive any nonperformance of the Engagement Agreement by Plaintiff Prassas Capital?</u>[34]

You will only answer this Issue 2(b) if you have answered Issue 2(a) "Yes" in favor of defendant Blue Sphere.

A party to a contract may waive the other party's duty to perform. "Performance" refers to what a party agreed to do as part of the contract.

Waiver is either the express, voluntary, and intentional relinquishment of a known right, or it is conduct that is inconsistent with an intent to assert the right.

By accepting performance known to be deficient, a party has waived the right to reject the contract on the basis of that performance.

If Blue Sphere has waived a promised performance, then Prassas Capital is no longer bound to perform on that promise and Blue Sphere is not entitled to damages for that particular non-performance.

Prassas Capital has the burden of proving waiver.

[If you find by the greater weight of the evidence that Blue Sphere waived any nonperformance of the contract by Prassas Capital, then you will answer this issue "Yes" in favor of Prassas Capital.

If, on the other hand, you fail to so find by the greater weight of the evidence, then you would answer this issue "No" in favor of Blue Sphere.

---

[34] RAJI (Civil) CI 13 (5th Ed.)

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**XX.** Issue 2(c):  <u>Is Defendant Blue Sphere estopped from claiming a breach of contract by</u>

<u>Plaintiff Prassas Capital?</u>[35]

You will only answer this Issue 2(c) if you have answered Issue 2(a) "Yes" in favor of defendant Blue Sphere.

Prassas Capital contends that Blue Sphere is "estopped," or in other words, prevented, from claiming a breach of contract by Prassas Capital under the legal doctrine of equitable estoppel.

Equitable estoppel is what happens when one party voluntarily did something or behaved in such a way and becomes absolutely prevented, or "estopped," from asserting certain contract rights against another party who, in good faith, has relied upon the first party's conduct and changed its position for the worse as a result.

The essential elements of equitable estoppel here would be that Blue Sphere previously asserted a particular right inconsistent with what it asserts in this court case, to the prejudice or harm of Prassas Capital because Prassas Capital relied upon Blue Sphere's conduct in the first place.

If you find that Blue Sphere asserted a particular right inconsistent with the one it now asserts in this trial as it relates to Prassas Capital's performance or non-performance under the contract and that Prassas Capital relied on Blue Sphere's previous conduct to its prejudice, Blue Sphere is estopped, or in other words prevented, from claiming a breach of contract based on that new assertion.

Prassas Capital has the burden of proving estoppel.

If you find by the greater weight of the evidence that Blue Sphere should be prevented or

---

[35] *Heckman v. Harris*, 66 Ariz. 360, 362-63, 188 P.2d 991, 992-93 (1948); *see also* RAJI (Civil) CI 28 (5th ed.).

"estopped" from claiming a breach of contract, then you will answer this issue "Yes" in favor of Prassas Capital.

If, on the other hand, you fail to so find by the greater weight of the evidence, then you would answer this issue "No" in favor of Blue Sphere.


_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:        _____

REFUSED:     _____

MODIFIED:    _____

**XXI.** Issue 2(d): <u>What amount of damages, if any, may Defendant Blue Sphere recover under the Engagement Agreement?</u>[36]

If you find that Prassas Capital is liable to Blue Sphere for breach of contract, [meaning, you have answered Issue 2(a) "Yes" and Issues 1(a), 2(b), and 2(c) "No"] you must then decide the full amount of money that will reasonably and fairly compensate Blue Sphere for the damages proved by the evidence to have resulted naturally and directly from the breach of contract.

[On this issue the burden of proof is on Blue Sphere. This means that Blue Sphere must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach.][37]

The damages you award for breach of contract must be the amount of money that will place Blue Sphere in the position Blue Sphere would have been in if the contract had been performed. To determine those damages, you should consider the value of the things or services that Blue Sphere provided to Prassas Capital, the value of the things or services that Prassas Capital provided to Blue Sphere, and whether Blue Sphere, by not having to perform its part of the contract, has avoided any cost which should be deducted from its damages.

[Blue Sphere's damages are to be reasonably determined from the evidence presented. Blue Sphere is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, Blue Sphere should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of Blue Sphere's injury with reasonable certainty. You may not award any damages based upon mere

---

[36] RAJI (Civil) 17 (modified to reflect nature and posture of case).

speculation or conjecture.][38]

[If you find by the greater weight of the evidence the amount of actual damages caused by Prassas Capital's breach of contract, then it would be your duty to write that number in the balance space provided.]

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:      _____

MODIFIED:     _____

---

[37] N.C.P.I. Civil 503.06

[38] N.C.P.I. (Civil) 503.79; *see also* RAJI (Civil) 17, Comment 2

## XXII.  DELIBERATIONS[39]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts.  You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in

---

[39] Pattern Civil Jury Instructions for the District Courts of the Fifth Circuit, Instruction No. 3.7 (2014).

mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

_____
Honorable Robert J. Conrad
United States District Judge

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

This the 1st day of July, 2019.

RAYBURN COOPER & DURHAM, P.A.


By: /s/ Benjamin E. Shook
    Benjamin E. Shook
    N.C. State Bar No. 44793
    bshook@rcdlaw.net
    James B. Gatehouse
    N.C. State Bar No. 22811
    bgatehouse@rcdlaw.net
    227 W. Trade St., Suite 1200
    Charlotte, NC  28202
    Tel. (704) 334-0891
    Fax (704) 377-1897

    *Attorneys for Plaintiff*