UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00131-RJC-DCK

| | |
|---|---|
| PRASSAS CAPITAL, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BLUE SPHERE CORPORATION, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** comes before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law, or Alternatively, Motion for New Trial Absolute or New Trial Nisi Remittitur. (Doc. No. 138.)

I. BACKGROUND

This case arose out of a contract dispute between two entities, Plaintiff Prassas Capital, LLC ("PC") and Defendant Blue Sphere Corporation ("BSC"), both of whom asserted claims for breach of contract. Following a jury trial, the jury returned a verdict in favor of PC, finding that PC was entitled to recover from BSC damages in the total amount of $1,953,318.52. (Doc. No. 126.) The jury also found in favor of PC on BSC's breach of contract counterclaim. BSC has filed a renewed motion for judgment as a matter of law or, in the alternative, a motion for a new trial or new trial nisi remittitur. (Doc. No. 138.)

II. RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, a party may

move for judgment as a matter of law before the case is submitted to the jury. If the court denies the motion made under Rule 50(a), Rule 50(b) allows the party to renew its motion for judgment as a matter of law after a jury verdict has been returned, and such a motion may be made orally. Belk, Inc. v. Meyer Corp., 679 F.3d 146, 156 (4th Cir. 2012). "When a jury verdict has been returned, judgment as a matter of law may be granted only if, viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." Int'l Ground Transp., Inc. v. Mayor of Ocean City, 475 F.3d 214, 218–19 (4th Cir. 2007).

Here, BSC moved under Rule 50(a) for judgment as a matter of law on its counterclaim for breach of contract and PC's claim for breach of contract. The Court denied that motion. After the jury returned its verdict, BSC orally renewed its motion for judgment as a matter of law on its counterclaim and PC's claim. (Doc. No. 145-1.) The Court denied BSC's renewed motion. (Doc. No. 145-1.) BSC's second renewed motion for judgment as a matter of law is thus improper. Nevertheless, the Court concludes that, viewing all the evidence in the light most favorable to PC, as the nonmovant, there was sufficient evidence to support the jury's verdict. Accordingly, the Court denies BSC's second renewed motion for judgment as a matter of law.

## III. MOTION FOR NEW TRIAL

Under Rule 59(a), "[a] district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3)

2

will result in a miscarriage of justice." EEOC v. Consol Energy, Inc., 860 F.3d 131, 145 (4th Cir. 2017). "A district court's denial of a motion for a new trial is reviewed for abuse of discretion, and will not be reversed save in the most exceptional circumstances." Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 346 (4th Cir. 2014) (quotation marks omitted).

BSC fails to argue how the verdict is against the clear weight of the evidence, based upon false evidence, or will result in a miscarriage of justice. Therefore, BSC is not entitled to a new trial.

BSC also moves for a new trial nisi remittitur. "Remittitur is a process, dating back to 1822, by which the trial court orders a new trial unless the plaintiff accept a reduction in an excessive jury award." Atlas Food Sys. & Servs. v. Crane Nat'l Vendors, 99 F.3d 587, 593 (4th Cir. 1996). "[A] court may order a new trial nisi remittitur if it concludes that a jury award of compensatory damages is excessive." Jones v. Southpeak Interactive Corp., 777 F.3d 658, 672 (4th Cir. 2015) (quotation marks omitted). A district court sitting in diversity must apply state law standards when considering a motion for a new trial based on the alleged excessiveness of the jury's damages award. Konkel v. Bob Evans Farms, 165 F.3d 275, 280 (4th Cir. 1999).

Under either Arizona or North Carolina law, the jury's damages award in this case is not excessive. Under Arizona law, the trial court may order remittitur when the jury's damages award "reflects an exaggerated measurement of damages." Soto v. Sacco, 398 P.3d 90, 94 (Ariz. 2017). Under North Carolina law, the trial court may order a new trial for excessive damages awarded under the influence of passion or

prejudice. Rhyne v. K-Mart Corp., 562 S.E.2d 82, 89 (N.C. Ct. App. 2002).

BSC fails to argue how the jury's damages award reflects an exaggerated measurement or was influenced by passion or prejudice, and there is substantial evidence in the record to support the jury's damages award. Therefore, the Court denies BSC's motion for a new trial nisi remittitur.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED THAT** BSC's Renewed Motion for Judgment as a Matter of Law, or Alternatively, Motion for New Trial Absolute or New Trial Nisi Remittitur, (Doc. No. 138), is **DENIED**.

Signed: January 27, 2020

Robert J. Conrad, Jr.
United States District Judge