UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00131-RJC-DCK

| PRASSAS CAPITAL, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| BLUE SPHERE CORPORATION, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorneys' Fees. (Doc. No. 132.)

## I. BACKGROUND

This action arose out of a contract dispute between two entities, Plaintiff Prassas Capital, LLC ("PC") and Defendant Blue Sphere Corporation ("BSC"), both of whom asserted claims for breach of contract. Following a jury trial, the jury returned a verdict in favor of PC, finding that PC was entitled to recover from BSC damages in the total amount of $1,953,318.52. (Doc. No. 126.) The jury also found in favor of PC on BSC's breach of contract counterclaim.

## II. DISCUSSION

Pursuant to Ariz. Rev. Stat. § 12-341.01, PC moves for an award of attorney's fees in the amount of $680,436.

Federal courts sitting in diversity apply state law to determine whether attorney's fees are recoverable and, if so, in what amount. Airlines Reporting Corp.

v. Sarrion Travel, Inc., 846 F. Supp. 2d 533, 536 (E.D. Va. 2012). Ariz. Rev. Stat. § 12-341.01(A) authorizes a court to award reasonable attorney's fees to the successful party in a contested contract action. Am. Power Prods. v. CSK Auto, Inc., 396 P.3d 600, 601 (Ariz. 2017). Whether to award attorney's fees under this provision is within the trial court's discretion. Scruggs v. State Farm Mut. Auto. Ins. Co., 62 P.3d 989, 995 (Ariz. Ct. App. 2003). If the trial court determines that an award of attorney's fees is appropriate, it must then determine the reasonableness of the fees requested. The Arizona Supreme Court has held that "[t]he affidavit of counsel should indicate the type of legal services provided, the date the service was provided, the attorney providing the service . . . , and the time spent in providing the service. It is insufficient to provide the court with broad summaries of the work done and time incurred." Schweiger v. China Doll Rest., 673 P.2d 927, 932 (Ariz. Ct. App. 1983) (citation omitted). In essence, "the fee application must contain sufficient detail so as to enable the court to assess the reasonableness of the time incurred." Orfaly v. Tucson Symphony Soc'y, 99 P.3d 1030, 1036 (Ariz. Ct. App. 2004).

Here, PC submitted the affidavit of James B. Gatehouse, counsel for PC. (Doc. No. 133.) Attached to this affidavit are approximately 150 pages of billing records. (Doc. No. 133-1.) Critically, however, the services rendered section of the billing records is entirely redacted. Counsel states in his affidavit that this material has been redacted to remove "information protected by attorney-client or other applicable privilege." (Doc. No. 133 at ¶ 2.)

The submission of billing records in support of a request for attorney's fees is

2

a common practice, and the narrative descriptions are a key component of those records for purposes of a court's analysis. The billing records provided here—with the narrative descriptions entirely redacted—do not enable this Court to assess the reasonableness of the time incurred by PC's counsel. Accordingly, the Court denies PC's Motion for Attorneys' Fees without prejudice to refiling the motion with unredacted or minimally redacted billing records. To the extent counsel contends that the billing records require more than minimal redactions for information counsel asserts is protected by the attorney-client privilege, then counsel may move for in camera review. Counsel is reminded, however, that the attorney-client privilege is strictly construed, and the burden is on the party asserting privilege to prove each of its essential elements. Tatum v. R.J. Reynolds Tobacco Co., 247 F.R.D. 488, 493 (M.D.N.C. 2008); Lee v. Certainteed Corp., No. 5:13-cv-826, 2015 U.S. Dist. LEXIS 190160, at *14 (E.D.N.C. July 29, 2015).

III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees, (Doc. No. 132), is **DENIED without prejudice** to refiling the motion with unredacted or minimally redacted billing records.

Signed: February 6, 2020

Robert J. Conrad, Jr.
United States District Judge