UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00131-RJC-DCK

| | |
|---|---|
| PRASSAS CAPITAL, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLUE SPHERE CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorneys' Fees, (Doc. No. 154); Plaintiff's Supplemental Declaration in Support, (Doc. No. 155); Defendant's Response in Opposition, (Doc. No. 162); Plaintiff's Reply, (Doc. No. 163); Plaintiff's Amended Motion for Attorneys' Fees, (Doc. No. 175); Plaintiff's Memorandum in Support, (Doc. No. 176); and Plaintiff's Declaration, (Doc. No. 177).

I. BACKGROUND

This action arose out of a contract dispute between two entities, Plaintiff Prassas Capital, LLC ("PC") and Defendant Blue Sphere Corporation ("BSC"), both of whom asserted claims for breach of contract. Following a jury trial, the jury returned a verdict in favor of PC, finding that PC was entitled to recover from BSC damages in the total amount of $1,953,318.52. (Doc. No. 126). The jury also found in favor of PC on BSC's breach of contract counterclaim.

Plaintiff filed its first Motion for Attorneys' Fees on August 20, 2019. (Docs. Nos. 132–134). This Court denied that motion without prejudice. (Doc. No. 153). In

the Order, this Court noted that Plaintiff had redacted the entire "services rendered" section of the billing records, and that such a motion does not enable the Court to assess the reasonableness of the time incurred by Plaintiff's counsel for each such entry. (Id. at 2–3). Plaintiff subsequently submitted a new Motion for Attorneys' Fees, (Docs. Nos. 154–155), that Defendant opposes, (Doc. No. 162), followed by an Amended Motion for Attorneys' Fees. (Docs. Nos. 175–177).

Plaintiff seeks an amended amount sought of $816,798.16. (Doc. No. 176 at 3). This amount is supported by a set of billing records for attorneys' fees prior to August 2019 ("Primary Billing Records"), which contains a combination of redacted and numerous unredacted entries, for a total sought amount of $680,436. (Doc. No. 155 Ex. A). Plaintiff's Amended Motion also contains a new billing sheet ("Amended Billing Records"), this one including costs from August 2019 to the present, which requests an additional $136,362.16. (Doc. No. 176; see also Doc. No. 177 Ex. A). The Amended Billing Records do not contain any redactions. (Id.).

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 54(d)(2) and Ariz. Rev. Stat. § 12-341.01, PC moves for a total award of attorneys' fees in the amount of $816,798.16. (Docs. No. 154, 175).

Federal courts sitting in diversity apply state law to determine whether attorneys' fees are recoverable and, if so, in what amount. W. Insulation, LP v. Moore, 362 F. App'x 375, 379 (4th Cir. 2010) ("As this case is a diversity action based on state contract law, the contract, including its provisions on attorneys' fees, is to be interpreted using state law"). Ariz. Rev. Stat. § 12-341.01(A) authorizes a court to

2

award reasonable attorneys' fees to the successful party in a contested contract action. Am. Power Prods. v. CSK Auto, Inc., 396 P.3d 600, 601 (Ariz. 2017). Whether to award attorneys' fees under this provision is within the trial court's discretion. Scruggs v. State Farm Mut. Auto. Ins. Co., 62 P.3d 989, 995 (Ariz. Ct. App. 2003). If the trial court determines that an award of attorneys' fees is appropriate, it must then determine the reasonableness of the fees requested. An Arizona Court of Appeals has held that "[t]he affidavit of counsel should indicate the type of legal services provided, the date the service was provided, the attorney providing the service . . . , and the time spent in providing the service." Schweiger v. China Doll Rest., 673 P.2d 927, 932 (Ariz. Ct. App. 1983). In essence, "the fee application must contain sufficient detail so as to enable the court to assess the reasonableness of the time incurred." Orfaly v. Tucson Symphony Soc'y, 99 P.3d 1030, 1036 (Ariz. Ct. App. 2004).

1. **Plaintiff's Motions for Attorneys' Fees**

Plaintiff first submitted its Motion for Attorneys' Fees to address fees incurred through August 2019. To that end, PC submitted the affidavit of James B. Gatehouse, counsel for PC. (Doc. No. 155). Attached to this affidavit are approximately 150 pages of billing records. (Doc. No. 155-1). While many entries are not redacted, many entries in this section of the billing records nonetheless remain redacted. Counsel states in his affidavit that this material has been redacted to protect "specific work product, financial information, other personal or proprietary information, and client confidential information." (Doc. No. 155 at ¶ 6). Plaintiff acknowledges that for any

3

such redacted portion that prevents consideration of the entry, the "Court might discount that entry amount (or deduct it entirely)." (Id.). Plaintiff's requests $680,436 pursuant to these Primary Billing Records.

Defendant replies that Plaintiff argued at trial, and this Court agreed, that Arizona law does not cover the Agreement; as a result, Defendant argues that Plaintiff should not now be allowed to rely on Arizona law. (Doc. No. 162 at 1–2). Furthermore, Defendant argues that even if Arizona law does apply, the Arizona Supreme Court has identified six factors to guide the exercise of discretion in assessing attorneys' fees under § 12–341.01(A) that Plaintiff does not cite. (Id. at 2, citing Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz. 1985). These factors are:

1. The merits of the claim or defense presented by the unsuccessful party.

2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.

3. Assessing fees against the unsuccessful party would cause an extreme hardship.

4. The successful party did not prevail with respect to all of the relief sought.

5. The novelty of the legal question presented and whether such claim or defense had previously been adjudicated in this jurisdiction.

6. Whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

Warner, 694 P.2d at 1184. Defendant argues that (1) its defenses had merit, (2)

Plaintiff never offered to settle for less than the amount demanded in the Complaint, (3) the fees would cause extreme hardship for Defendant, (4) Plaintiff had a claim dismissed during summary judgment and abandoned additional claims during the litigation, (5) there were no novel legal issues during the trial because the Court had previously ruled on what Defendant suggests was a novel legal issue, and (6) the award would discourage other parties with tenable defenses from litigating. (Doc. No. 162 at 3–5). Defendant also argues that the fee amount requested is unreasonable for any case activities in which it was not successful, and on the whole Plaintiff's total billed hours are unreasonable for the size and nature of this lawsuit. (Id. at 6–8).

Plaintiff replies that Arizona law does govern this contract, as the Court ruled on March 30, 2018. (Doc. No. 163 at 1, citing Doc. No. 42, 5–6). Plaintiff argues that the multi-factor test in Warner does not require the court to weigh each factor in each case, and that the factors weigh towards assigning attorneys' fees nonetheless. (Doc. No. 163 at 2–3, citing Doc. No. 134 at 5–10). Plaintiff further states that (1) Defendant repeatedly brought up defenses that the Court had rejected, (2) Plaintiff made a settlement offer below the amount Defendant essentially conceded was owed, (3) Defendant is a sophisticated international company while Plaintiff is a single-member limited liability company, (4) Plaintiff was successful on all of Defendant's claims and defenses and the jury awarded Plaintiff its full requested amount, (5) no novel legal issues were raised, and (6) Defendant's defenses were largely meritless such that the Court would not deter legitimate defenses by awarding attorneys' fees

5

here. (Doc. No. 132 at 5–10). Finally, Plaintiff replies that fees are not unreasonable, as they are requested after a three-year business case which included discovery, unsuccessful mediation, summary judgment motions, counterclaims, evidentiary motions, stipulations and joint submittals, as well as civil jury trial with numerous documentary exhibits. (Doc. No. 163 at 4).

This Court has previously noted that "[w]hen faced with contractual claims, 'North Carolina courts generally apply the law of the place where the contract was made.' Synovus Bank v. Coleman, 887 F. Supp. 2d 659, 668 (W.D.N.C. 2012). Additionally, "where the contracting parties have agreed 'that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect.'" (Doc. No. 42 at 5, quoting Tanglewood Land Co. v. Byrd, 261 S.E.2d 655, 656 (N.C. 1980)). The contract at issue here does contain such a clause, which states that the contract "shall be governed by and construed in accordance with the laws of Arizona state applicable to contracts executed and to be wholly performed therein without giving effect to its conflicts of laws, principles or rules." (Doc. No. 1-1). Arizona law therefore applies to the contract, and as a result, to the question of attorneys' fees arising out of a dispute regarding that contract.

At the outset, the Court notes that this was a well-litigated case. The Court granted in part and denied in part the dispositive motions of both parties, (Doc. No. 97), and trial turned on a fact-intensive analysis for jury determination. Applying Warner's six-factor test, first, while the Defendant presented an ultimately unsuccessful case, its defenses were substantive and meritorious, which

determination weighs against awarding attorneys' fees. Second, the parties dispute the reason for failed settlement negotiations, and neither offers evidence sufficient to persuade this Court; this factor is neutral. Third, while Defendant argues that it has already lost money on the contract in question and Plaintiff argues that Defendant is a much larger organization that Plaintiff, neither party sufficiently addresses whether Defendant would face extreme hardship if fees were awarded. Plaintiff asks for a substantial amount which presumably would produce hardship, but this factor remains neutral because neither party has shown whether extreme hardship would result. Fourth, while the Plaintiff did prevail at trial and was awarded the amount it sought, Plaintiff did not prevail on all claims that it brought in the case; the Court dismissed Plaintiff's counter-counterclaim for Indemnification on Summary Judgment, (Doc. No. 97), denying Plaintiff's claim seeking to require Defendant to pay attorneys' fees incurred in connection with defending against Defendant's Amended Counterclaims. This factor weighs against awarding attorneys' fees, especially as the dismissed claim sought attorneys' fees in the first place. (Doc. No. 80 at 8). Fifth, while this Court does not agree with Defendant that any strictly novel legal issues were raised, this is not to suggest that the resolution was clear at the outset either; expert witnesses were engaged by both sides during the litigation, and the case involved a closely contested legal and factual dispute. The fact that no novel legal issued were raised weighs in favor of awarding attorneys' fees, but the remainder of the contested issue description weighs against it. Finally, an award of this size under these circumstances would indeed discourage other parties with

7

tenable defenses from defending legitimate contract issues for fear of incurring liability; the Defendant presented a legitimate defense on a triable issue that was well-argued, and a significant attorneys' fees award under such circumstances could deter parties from presenting similarly-legitimate defenses for fear of incurring liability for substantial amounts of attorneys' fees if not successful.

The Warner factors on the whole tilt against awarding attorneys' fees. Considering the totality of circumstances, and lacking reason to suspect bad faith, the course of this litigation does not comport with the type of fact pattern that would compel this Court in its discretion to award attorneys' fees.

Plaintiff argued this case successfully at trial and prevailed, but has not demonstrated that the Court should require Defendant to cover Plaintiff's legal costs in addition to the damages that were already awarded. The Court in its discretion, guided by the factors set out in Warner, will deny the motions.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that

1. Plaintiff's Motion for Attorneys' Fees, (Doc. No. 154), is **DENIED**; and
2. Plaintiff's Amended Motion for Attorneys' Fees, (Doc. No. 175), is **DENIED.**

    **SO ORDERED.**

Signed: April 13, 2021

Robert J. Conrad, Jr.
United States District Judge